No. 2522.—M. Grivot v. The Louisiana State Bank.

In this case the evidence shows that the plaintiff had moneys deposited in the Louisiana State Bank to his credit in 1862; that the plaintiff left New Orleans and went into the rebellion soon thereafter. That by a military order issued by General Banks, then in command of the military forces of the United States at New Orleans, plaintiff's moneys were seized in the hands of the bank and paid over into the hands of the quartermaster of the army. Held—That the bank having yielded to a power that it could not resist, in paying over the money of plaintiff to the military authorities, the plaintiff could not require it to make good the loss he had sustained thereby.

APPEAL from the Fourth District Court, parish of Orleans. *Theard*, J. M. *Grivot*, in proper person, appellant. E. *Pierson*, for defendant and appellee.

TALIAFERRO, J. This suit is brought for an alleged balance in bank to the plaintiff's credit on the twenty-fifth of April 1862.

The answer denies the material allegations, and avers that the bank was compelled by a military order of General Banks to surrender and deliver up to the military authority of the United States all the funds and money in bank belonging to the plaintiff at the time set forth in plaintiff's petition. That at the time the said military order was issued the city of New Orleans, the domicile of defendant, was entirely controlled and governed by martial law, and the authority of the civil government of the State of Louisiana, in the city of New Orleans, wholly suspended.

There was judgment in the court *a qua* against the plaintiff rejecting his claim and he has appealed.

The plaintiff contends that the military order under which the defendant pretended to act was general in its character, and did not direct specially the seizure of his funds. That the order left it with the quartermaster and the bank to determine whose funds were subject to it. That no special order to seize plaintiff's funds by name or description being produced it was necessary that defendant should show that plaintiff came within all or either of the categories specified in the military order or in the letter of General Banks explanatory

thereof. This military order of the commanding general and his letter to the quartermaster are in evidence. The letter, after detailing the proceedings to be taken in regard to seizures of funds in banks belonging to registered enemies of the United States, officers or soldiers in service of the rebel army, adds: "The balances of persons who left the city upon its occupation by the Union troops and have not returned or have not renewed their allegiance, and whom we have reason to suppose to be actively identified with the rebellion, will be held also by the Government subject to any just claims that may be made against them."

The defendant, it is shown, paid over to the quartermaster, under this general order and explanatory letter of General Banks, the moneys deposited in plaintiff's name in the Louisiana State Bank.

The plaintiff admitted that the United States proceeded in the year 1863 to libel his property, under the act of Congress of the twenty-ninth of July, 1862, entitled "An Act relative to insurrection in the Southern States." He also admitted that he left the city of New Orleans on the twenty-fifth of April, 1862, when the Union fleet arrived there, and did not return to the city until after the surrender of General E. K. Smith, commanding Mississippi Department C. S. in May or June, 1865.

From the whole tenor of the evidence we do not see that the plaintiff has any just right to coerce the bank to make good to him a loss which it is clearly shown it was out of its power to prevent.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.